**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BARFIELD,<br><br>                 Plaintiff,<br><br>v.<br><br><br>SHERIFF DOE, DEPUTY SHERIFF DOES #1-50, ALL UNKNOWN AGENTS, SAN DIEGO DETENTION CENTER,<br><br>                 Defendants. | Case No.:  3:24-cv-0630-AJB-SBC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 8(a) AND 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)** |

## I.    INTRODUCTION

Plaintiff Robert Barfield ("Plaintiff" or "Barfield"), an inmate currently confined at High Desert State Prison in Nevada and proceeding *pro se*, has filed a civil action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Bartfield alleges that while being held at the "San Diego Detention Center" for ten days pending extradition to Nevada, he was confined in an unsanitary holding cell with no

3:24-cv-0630-AJB-SBC

mattress, causing him to contract a serious infection. *See* ECF No. 1 at 3–6. Barfield further alleges that while confined he fell and injured his bicep. *See id.* For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

## II.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff has provided a copy of his trust account statement and prison certificate authorized by an accounting officer. *See* ECF No. 2 at 4–

---

[1]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

8. During the six months prior to filing suit, Plaintiff had an average monthly balance of $0.00, average monthly deposits of $4.83, and an available account balance of $0.00 at the time he filed suit. *Id*. at 4, 9. Accordingly, Plaintiff's IFP motion is **GRANTED**, and the Court assesses no partial filing fee. Plaintiff remains obligated to pay the $350.00 fee in monthly installments even if this action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1) & (2).

### III.    SCREENING

**A.    Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of the plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation

marks omitted). "To establish liability under section 1983, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Plaintiff's Allegations**

Barfield alleges that he was apprehended in Mexico by Mexican immigration officials. ECF No. 1 at 3. He was then transported to the United States-Mexican border on December 18, 2023, where Mexican officials turned him over to the custody of United States Customs agents and the United States Marshals Service. *Id*. U.S. Marshals then transported Barfield to the "San Diego Detention Center" where he was detained for ten days, until he was extradited to Nevada on December 27, 2023, pursuant to a warrant for a parole violation. *Id.*

Barfield alleges that when he arrived at the San Diego Detention Center he was placed in a "filthy" holding cell. *Id.* The cell had a bench and toilet but no mattress. Barfield alleges "urine and feces littered the toilet rim" and there were a "number of unknown substances staining the walls and floors." *Id.* Plaintiff was left in the holding cell for the night without a mattress or bedding. *Id.* at 4.

The next day, December 19, 2023, Plaintiff appeared in court. *Id.* During the proceedings, Barfield asked his attorney to "place on the record" the conditions of his confinement the previous night. *Id*. The judge then stated on the record that "San Diego Detention Center" officials must provide Barfield with bedding and a mattress upon his return to the facility. *Id.*

Upon Barfield's return to the detention facility, "Sheriff Doe #1" placed Barfield in a holding cell that was "filth[y] and cold." *Id.* Barfield told Sheriff Doe # 1 about the court order, but Barfield was not moved to another cell until approximately 72 hours later. *Id.* Until he was moved, Plaintiff was forced to sleep on the floor and developed a "pimple" on the back of his head. *Id.* at 5. At some point, the pimple popped and appeared infected.

3:24-cv-0630-AJB-SBC

*Id.* In addition, Barfield woke up one night to urinate, but was disoriented and dizzy. As a result, he fell backward and, in an attempt to catch himself, grabbed the cell bench awkwardly and "felt his bicep. . . rip in two." *Id.* at 5.

On December 27, 2023, Barfield was extradited to Nevada. *Id.* When he arrived, Nevada Department of Corrections intake nurses were "concerned about the infected area [on the back of Plaintiff's head] and his torn bicep." *Id.* at 6. Cultures of the infected area revealed that Plaintiff had Methicillin-Resistant Staphylococcus Aureus ("MRSA"). The infection was successfully treated. *Id.* Plaintiff is "awaiting test[ing]" on his bicep to determine the extent of his injury. *Id.*

**C.    Discussion**

Plaintiff raises two claims related to his ten-day detention. He alleges he was subjected to cruel and unusual punishment when he was confined in a dirty holding cell and forced to sleep on the floor, causing him to contract MRSA on the back of his head. *Id.* at 7. Barfield further claims that he fell and injured his bicep due to the unsafe conditions in his cell.  *Id.* He seeks compensatory and punitive damages. *Id.* at 8.

**1.    *Rule 8***

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must construe a pro se plaintiff's pleadings liberally, the plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) *see also Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a plaintiff fails to set forth allegations sufficient to provide defendants with such notice, the complaint fails to comply with Rule 8 and must be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996).

Here, while the factual allegations in the Complaint are fairly clear, it is unclear

3:24-cv-0630-AJB-SBC

where Plaintiff was confined during his ten-day detention in San Diego. Nor is it clear whether Barfield was detained in county or federal custody. Barfield states that he was confined at "San Diego Detention Center" but the Court is unaware of any facility in the area with that precise proper name.[2] Moreover, the unnamed defendants listed by Plaintiff include both "agents" (a term typically associated with federal law enforcement) and "deputy sheriffs" (which suggests those defendants were county employees). The nature of Barfield's apprehension and subsequent detention also fail to illuminate the matter. Barfield states he was apprehended in Mexico by Mexican immigration officers who transported him to the United States border and turned him over to U.S. Customs agents and U.S. Marshals. These federal agents then transported Barfield to the facility where he was detained for 10 days until his extradition. Barfield states his detention was based on a warrant arising from a parole violation out of Nevada, apparently related to a Nevada state court conviction.[3] But none of these facts assist the Court in discerning whether Barfield was confined in federal or county custody.

---

[2]    The Court takes judicial notice that there are both federal and county detention facilities in the region that have similar names, including federal facilities, such as the "Western Regional Detention Center" (*see*   https://www.geogroup.com/FacilityDetail/FacilityID/37 (visited July 2, 2024)) and the "Metropolitan Correctional Center San Diego" (*see* https://www.bop.gov/locations/institutions/sdc/ (visited July 2, 2024) , and San Diego County facilities, "South Bay Detention Facility" and "San Diego Central Jail" (*see* https://www.sdsheriff.gov/bureaus/detention-services-bureau/detention-facilities (visited July 2, 2024)). *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

[3]    The Court takes judicial notice that a Nevada inmate, "Robert T. Barfield," with the Nevada Department of Corrections inmate number 42963 was convicted of attempted murder and weapons charges in 1994 and was paroled from Nevada prison in 2021. *See* Nevada Dep't Corr. Inmate Locator, https://ofdsearch.doc.nv.gov/ (visited July 2, 2024); *see also Barfield v. Nevada*, 20-cv-0105-DWH-VPC (D. Nev. Mar. 29, 2005) at *2–3 (Order denying petition for writ of habeas corpus); *see also* Fed. R. Evid. 201(b)(2).

3:24-cv-0630-AJB-SBC

Because it is not clear whether the detention facility where Barfield was held was operated by the United States or County of San Diego, the Court cannot determine what law applies to Barfield's claims, as explained below. Rule 8(a) requires that a complaint be specific and clear enough for the Court and defendants to understand the nature of plaintiff's claims. Here, the complaint does not meet this standard. *See McHenry*, 84 F.3d at 1178.

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim. *See* Fed. R. Civ. P. 8(a)(2); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 2.     *Conditions of Confinement Claim*

If Plaintiff seeks to amend his complaint, he should consider the following standard(s) for raising an Eighth Amendment claim regarding the conditions of confinement when in (a) County custody or (b) federal custody.

#### a.     County Custody

Assuming arguendo that Barfield was in the custody of the County of San Diego, his claims may arise under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). "Persons" covers "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).

To challenge the conditions of confinement under the Eighth Amendment,[4] a

---

[4]     The Eighth Amendment applies when a person on parole is detained after a parole violation. *See*, *e.g. Flores v. Mesenbourg*, No. 95-17241, 1997 WL 303277, at *1 (9th Cir. June 2, 1997) (holding that a convicted prisoner who was incarcerated for a parole violation "must rely on the Eighth Amendment to support his claim" because "[h]is original conviction is the authority

3:24-cv-0630-AJB-SBC

plaintiff must meet both an objective and subjective test. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Id*. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). When determining whether the conditions of confinement are sufficiently severe to meet the objective prong, the court must analyze each condition to determine whether that specific condition violates the Eighth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). In doing so, courts also consider the amount of time to which the prisoner was subjected to the condition. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *see also Guillory v. Tilton*, 2011 WL 4500847, at * 6 (E.D. Cal. Sept. 27, 2011) (stating "[t]he failure to provide a mattress for three nights does not violate the Eighth Amendment").

### b.    Federal Custody

If Plaintiff was in federal custody during the relevant period, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) provides a "federal analog" to § 1983. However, *Bivens* is much "more limited" in the type of claims that can be raised. *Hernandez v. Mesa*, 589 U.S. 93, 109 (2020). *Bivens* remedies are, at best, strongly disfavored outside the few contexts in which the Supreme Court has previously approved them. *Egbert v. Boule*, 596 U.S. 482, 491–92 (2022).

The only contexts in which the Supreme Court has recognized a *Bivens* remedy are for claims seeking damages against federal officials arising from: (1) a violation of the

---

under which he was confined after his parole violation"); *Flores v. Cnty. of Fresno*, 2020 WL 4339825, at *3, n.3 (E.D. Cal. July 28, 2020) (noting that individuals incarcerated in a county jail for a parole violation must raise claims alleging inadequate medical care under the Eighth Amendment); *Jensen v. Cnty. of Los Angeles*, 2017 WL 10574058, at *7 (C.D. Cal. Jan. 6, 2017) ("Claims by those who have been incarcerated for parole violations arise under the Eighth Amendment.").

3:24-cv-0630-AJB-SBC

Fourth Amendment for allegedly unreasonable searches and seizures in connection with unauthorized electronic surveillance (*Bivens*, 403 U.S. 388); (2) a violation of the Fifth Amendment's Due Process Clause for gender discrimination in employment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) a violation under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide constitutionally adequate medical treatment to a prisoner (*Carlson v. Green*, 446 U.S. 14 (1980)). *See Egbert*, 596 U.S. at 490–91.

In deciding whether to find an implied cause of action, the Court first must determine if the case is "meaningfully different from the three cases in which the Court has implied a damages action." *Elgbert*, 596 U.S. at 492. If a case presents a new context for a *Bivens* action, then a damages remedy may only be extended (1) if the plaintiff has no "other adequate alternative remedy" and (2) there are no "special factors" that would cause the court to believe that Congress rather than the courts should authorize a suit for money damages. *Id.* at 492–93. The Ninth Circuit recently observed that following *Egbert*, "most claims seeking to expand *Bivens* are 'dead on arrival.'" *Chambers v. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023)

Here, Plaintiff's claims the unsafe and unsanitary conditions of his confinement violated the Eighth Amendment. Recently, in an unpublished opinion, the Ninth Circuit declined to extend *Bivens* to an Eighth Amendment claim regarding unsanitary cell conditions because it did not fall within claims authorized by the Supreme Court. *Schwarz v. Meinberg*, 761 Fed. App'x 732, 733–34 (9th Cir. 2019) (finding cell condition claim presented a "new context" for a *Bivens* action and identifying the Federal Tort Claims Act as an alternative process available to federal prisoners). The Court further notes that a *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T]he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485; *see also Lanuza v. Love*, 899 F.3d 1019, 1029–32 (9th Cir. 2018) (noting that a claim for damages based on individualized mistreatment by

3:24-cv-0630-AJB-SBC

rank-and-file federal officers is what *Bivens* was meant to address).

### 3. *Doe Defendants*

Finally, the Court notes that, as to individual defendants, Plaintiff names only unknown parties: "Sheriff Doe," "Deputy Sheriff Does 1–50," and "All Unknown Agents." ECF No. 1 at 2. The use of fictitiously named or "Doe" defendants is generally not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, amendment is allowed to substitute true names for fictitiously named defendants. *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989).

While Barfield has asserted claims against an unspecified number of Doe defendants, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362, 371, 376 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). To successfully state a claim for relief, Plaintiff must separately identify each Doe defendant (e.g. Doe 1, Doe 2, etc.) and explain the specific actions taken by each individual that deprived him of his constitutional rights. Here, the only individual conduct alleged is that of "Deputy Sheriff Doe #1," who Barfield alleges ignored his request for a mattress and bedding. ECF No. 1 at 4. As to the other unnamed defendants, Plaintiff has failed to allege any specific facts to show what each, unnamed individual did to violate his rights. Further, Plaintiff is cautioned that even if he successfully states a claim for relief against a Doe defendant, if the defendant remains unidentified, the court will be unable to order service due to the impossibility of serving an unknown individual. Plaintiff should therefore seek to identify any Doe defendants as soon as possible.

### D.   Leave to Amend

Given Plaintiff's pro se status the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

3:24-cv-0630-AJB-SBC

amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1.    **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2.    **ORDERS** the Secretary of the Nevada Department of Corrections, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION;

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Nevada Department of Corrections Director, James Dzurenda, at 5500 Snyder Avenue, Bldg. 17; P.O. Box 7011, Carson City, Nevada 89702;

4.    **DISMISSES** Plaintiff's the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and

5.    **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Specifically, Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

3:24-cv-0630-AJB-SBC

If Plaintiff fails to file a First Amended Complaint within forty-five (45) days from the date of this Order, the Court will enter a final Order dismissing the case based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  July 22, 2024

Hon. Anthony J. Battaglia
United States District Judge

12

3:24-cv-0630-AJB-SBC