UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARFIELD,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KELLY MARTINEZ, Sheriff, JOHN DOES 1–100,<br><br>　　　　　　　　Defendants. | Case No.: 3:24-cv-0630-AJB-SBC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURUSANT TO 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)** |

## I.　INTRODUCTION

Plaintiff Robert Barfield ("Plaintiff" or "Barfield"), an inmate currently confined at High Desert State Prison in Nevada, is proceeding pro se with a civil action filed pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's original complaint for failure to state a claim and granted him leave to amend. ECF No. 3. Barfield has now filed a First Amended Complaint ("FAC") and a Motion for Appointment of Counsel. ECF Nos. 6, 7.

1

In his FAC, Plaintiff alleges that while being held at the San Diego Central Jail,[1] prior to being extradited to Nevada, he was confined in an unsanitary holding cell with no mattress several days. *See* ECF No. 6. For the reasons discussed below, the Court denies the motion for appointment of counsel and dismisses the FAC without prejudice for failure to state a claim.

## II.   MOTION FOR APPOINTMENT OF COUNSEL

Barfield seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e) because he is unable to afford a lawyer. ECF No. 7 at 1. He further states that he requires counsel because he is confined out-of-state "with no means of investigating the facts" of his case. *Id.* He also alleges his case is "complex" and he has "very limited" access to the law library in the facility where he is confined. *Id.*

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Barfield's fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. A plaintiff is only entitled to appointed counsel if he can

---

[1] In his FAC, Plaintiff states he was detained at the "San Diego County Detention Center" but given the address of the facility he provides, he appears to be referencing the San Diego Central Jail. *See* ECF No. 6 at 2.

show "that because of the complexity of the claims he [is] unable to articulate his positions." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc). Here, Barfield has adequately articulated his claims and his case does not appear complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming denial of motion for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Furthermore, to the extent Barfield contends he requires assistance of counsel because he lacks the resources to hire an attorney and has limited access to the prison law library, such circumstances are typical of almost every pro se prisoner civil rights plaintiff and are insufficient to demonstrate the "exceptional circumstance" required to justify appointment of counsel. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Marquez v. United States*, 2018 WL 3388098, at *3 (S.D. Cal. 2018) ("[M]any of Plaintiff's assertions, such as limited education, no legal training, and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances."); *Galvan v. Fox*, 2017 WL 1353754, at *8 (E.D. Cal. 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."); *Taa v. Chase Home Fin.*, 2012 WL 507430, at *2 (N.D. Cal. 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in pro se). Finally, that Barfield is confined in Nevada does not make pursuing his case materially more difficult that if he

were confined in California and therefore it does not constitute "exceptional circumstances."

In sum, the Court finds no "exceptional circumstances" currently exist and therefore Plaintiff's Motion to Appoint Counsel is denied.

### III. SCREENING

**A.  Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP FAC and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of the plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish liability under section 1983, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2)

that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Plaintiff alleges that on December 18, 2023, he was "delivered" to the custody of the San Diego Central Jail ("SDCJ"), to be detained while awaiting extradition to Nevada. ECF No. 6 at 4. After Barfield was processed, Doe #1 "made the command decision" to place him in a "holding cell" in the booking area. *Id.* The cell did not have a bed or mattress, was poorly ventilated and "filthy," with urine and feces in and on the toilet and "unknown foreign substances" on the floors and walls. *Id.* at 4–5. Barfield was forced to sleep on the floor that night. *Id.* at 4.

The next morning, Barfield was escorted to court by Doe #2 for a hearing regarding his extradition. *Id.* at 5. Plaintiff complained to Doe #2 about condition of his cell. *Id.* At some point during the court the proceedings, Barfield also complained to the judge about conditions at SDCJ. *Id.* at 6. He alleges the judge "ordered" he be provided a mattress and bedding upon his return to SDCJ. *Id.*

Upon Barfield's return to SDCJ from court, he was placed in the "same or similar" cell, which also lacked a mattress or bedding, for four more days. *Id.* He also alleges he was denied access to a shower during this time. *Id.* At some point, Plaintiff developed a "pimple" on the back of his head, which he alleges eventually turned into a "staph infection." *Id.* at 7. Barfield claims the infection was caused by his being forced to rest his "bald head" on the unsanitary concrete floor. *Id.* In addition, Barfield alleges on the "third day" he woke up disoriented, became dizzy and fell backward. *Id.* at 8–9. He tried to break his fall by grabbing a wooden bench and injured his bicep. *Id.* at 9. He complained to other "Doe Defendants assigned to his housing area" but "no corrective action was taken." *Id.*

After ten days at SDCJ, Barfield was extradited to Nevada. *Id.*

**C.     Discussion**

Plaintiff alleges Defendants Martinez and Does #1–100 violated his Eighth

Amendment rights when he was confined to an unclean cell without a bed or mattress and forced to sleep on the floor. *Id.* at 10–11. Barfield also raises state tort claims of negligence and "malfeasance." *Id.* at 11–12. He seeks compensatory and punitive damages. *Id.* at 12.

### 1.  *Eighth Amendment*

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To challenge conditions of confinement under the Eighth Amendment,[2] a plaintiff must show: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted with a "sufficiently culpable of mind," which is "one of deliberate indifference," in conditions of confinement claims. *See Farmer. Brennan*, 511 U.S. 825, 834 (1994).

The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). When determining whether the conditions of confinement are sufficiently severe to meet the objective prong, the court must analyze each condition to determine whether that specific condition violates

---

[2] Because Barfield was in custody pursuant to a parole violation (ECF No. 6 at 2), the Eighth Amendment applies. *See*, *e.g. Flores v. Mesenbourg*, No. 95-17241, 1997 WL 303277, at *1 (9th Cir. 1997) (holding that a convicted prisoner who was incarcerated for a parole violation "must rely on the Eighth Amendment to support his claim" because "[h]is original conviction is the authority under which he was confined after his parole violation"); *Flores v. Cnty. of Fresno*, 2020 WL 4339825, at *3, n.3 (E.D. Cal. 2020) (noting that individuals incarcerated in a county jail for a parole violation must raise claims alleging inadequate medical care under the Eighth Amendment); *Jensen v. Cnty. of Los Angeles*, 2017 WL 10574058, at *7 (C.D. Cal. 2017) ("Claims by those who have been incarcerated for parole violations arise under the Eighth Amendment.").

the Eighth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). In doing so, courts also consider the amount of time to which the prisoner was subjected to the condition. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). Temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995)

Deliberate indifference is shown where a prison official subjectively "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To meet it, "the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). Even if a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014).

a. <u>Sheriff Martinez</u>

Barfield alleges San Diego Sheriff Martinez violated his Eighth Amendment rights by being "complicit" in depriving him of a mattress, bedding and other hygiene materials "such as soap, a toothbrush and toothpaste." ECF No. 6 at 10. Supervisors are not vicariously liable for the constitutional violations of other persons under § 1983; rather, only for their own conduct. *Peralta*, 744 F.3d at 1085. Specifically, a supervisory official is liable under § 1983 when "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict

a constitutional injury." *Starr v. Baca*, 652 F.3d at 1207–08 (internal quotation marks and citations omitted)

Here, Barfield does not plausibly allege Martinez directed, or was personally aware of and disregarded, the conditions he alleges violated his Eighth Amendment rights. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (state that when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged). At most, Barfield alleges that at a December 19, 2023 hearing related to his extradition, he complained to the judge about the conditions at the jail. He alleges the judge stated from the bench that Barfield should be provided with a mattress and bedding[3] and presumes Martinez "would [have been] delivered" a "copy" of the judge's "order" later that day. ECF No. 6 at 6. But this allegation is based on no more than Barfield's own speculation. There is nothing to suggest the judge issued a written order or that Martinez received and read it. Such speculative allegations are insufficient to support a claim that Martinez had knowledge of the conditions. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (noting conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient); *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (affirming dismissal of supervisory liability claim based on conclusory and speculative allegations*); see also*

---

[3] The FAC contains no allegation that Martinez had knowledge of anything beyond a lack of bed or mattress. For instance, while Barfield also states he was denied access to the shower and was without soap and a toothbrush (*see* ECF No. 6 at 6, 10), he does not allege Martinez had subjective knowledge of this. Moreover, the deprivation of oral hygiene items and soap for five days is insufficient to rise to the level of an Eighth Amendment violation. *See e.g. Lopez v. Cate*, 2013 WL 239097, at *8 (E.D. Cal. Jan. 22, 2013) (stating deprivation of towel and soap for approximately four days, and the deprivation of toilet paper, a toothbrush, and tooth powder for approximately seven days do not rise to the level of an Eighth Amendment violation).

*Sullivan v. Biter*, 2017 WL 1540256, at *1 (E.D. Cal. 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983."); *see also Blantz v. Cal. Dep't of Corr. & Rehab*., 727 F.3d 917, 926–27 (9th Cir. 2013) (concluding that "conclusory allegations" that a supervisory defendant "directed" other defendants, without factual assertions to support the allegation, were insufficient to defeat a motion to dismiss).

Furthermore, even if the Court presumes that on December 19, 2023, Martinez somehow became aware that Barfield had been confined in a cell without a mattress or bedding, Barfield has failed to plausibly allege such conditions amounted to a violation of the Eighth Amendment. First, at the time Barfield claims Martinez could have learned about the conditions of his cell, he had only been confined at SDCJ for one night. And the full length of time Barfield alleges he was without a mattress or bedding appears to be, at most, five nights.[4] *See* ECF No. 6 at 6. Federal courts have held sleeping on a floor without a mattress for a short number of days does not amount to a sufficiently serious deprivation to support an Eighth Amendment violation. *See Alfred v. Bryant*, 378 Fed. Appx. 977, 980, 2010 WL 1881064 (11th Cir. 2010) (concluding prisoner's claim that he had to live in a cell for 18 days without a mattress and properly functioning toilet did not rise to the level of an Eighth Amendment violation, where there was no evidence the prisoner faced an unreasonable risk of serious harm to his health or safety); *Centeno v. Wilson*, 2011 WL 836747, at *3 (E.D. Cal. 2011) (finding claims insufficient when inmate was "forced to sleep on a cold floor without a mattress or blanket for 7 days and was unable to shower"); *Guillory v. Tilton*, 2011 WL 400847, at * 6 (E.D. Cal. 2011) (failing to provide prisoner a

---

[4] Barfield states he was without a mattress and bedding on December 18, 2023, his first day in custody. The next day he went to court and when he returned, he was placed the "same or similar cell" for "four more full calendar days." ECF No. 6 at 4, 6.

mattress for three nights does not violate Eighth Amendment); *Desroche v. Strain*, 507 F. Supp. 2d 571, 579 (E.D. La. 2007) (finding plaintiff who complained he had to "sleep on the floor for ten days in the crowded holding tank" failed to state a constitutional violation). Finally, while Barfield claims he acquired an infection from having to sleep on the floor, he presents no evidence Martinez was subjectively aware of any serious risk to his health or safety. *See Peralta*, 744 F.3d at 1086.

In sum, Plaintiff has failed to plausibly allege Martinez was aware of unconstitutional conditions and/or aware of wrongful conduct by specific subordinates and failed to act. Therefore, Barfield has failed to state a claim against Martinez. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    b. <u>Doe Defendants</u>

Barfield also names 100 "Doe" Defendants. The use of fictitiously named or "Doe" defendants is generally not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, amendment is allowed to substitute true names for fictitiously named defendants. *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989). To successfully state a claim for relief, Plaintiff must identify each Doe defendant individually (e.g. Doe 1, Doe 2, etc.) and explain the specific actions taken by each defendant that deprived him of his constitutional rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights."); *Keavney v. Cnty. of San Diego*, 2020 WL 4192286, at *4 (S.D. Cal. 2020) ("A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights.").

Of the 100 Doe Defendants named in the FAC, Barfield describes specific conduct by only Doe #1 and Doe #2. Barfield identifies Doe #1 as an individual "in charge" of housing placement at the jail. ECF No. 6 at 3. He alleges that on the day he was booked into SDCJ, Doe # 1 made a "command decision to house him in a holding cell" rather than

in the housing unit. *Id.* Plaintiff remained in that cell for the night until he was taken to court the next day. But this is insufficient to state a claim against Doe #1. There are no allegations that Doe #1 was aware of the condition of the specific cell assigned to Barfield. And even assuming Doe #1 was aware the cell lacked a bed, as discussed above, the failure to provide a mattress and bedding for a short period of time does not rise to the level of an Eighth Amendment violation. *See e.g.*, *Centeno*, 2011 WL 836747, at *3.

Barfield also fails to state a claim against Doe #2. He alleges only that Doe #2 escorted him to court on December 19, 2023 for a hearing regarding his extradition. ECF No. 6 at 5. At some point, Barfield complained to Doe #2 about the condition of his cell. *Id.* When Barfield returned to SDCJ from court, he was placed in "the same or similar cell" where he stayed for four more days. *Id.* at 6. But there are no facts suggesting it was Doe #2 who placed Barfield in the cell or that Doe #2 had subjective knowledge of the conditions of that cell. And even if he did, as discussed above, Barfield has failed to allege sufficient facts to show those conditions were sufficiently serious to have violated his Eighth Amendment rights.

Finally, Barfield has failed to state a claim the remaining Does #3–100 because he has not alleged *any* specific facts to show what each, unnamed individual did to violate his rights. *See generally*, *id.*

Therefore, the Court concludes Plaintiff has failed to state an Eighth Amendment claim against Doe Defendants #1–100. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### 2.  State Tort Claims

Barfield also raises state tort claims of negligence, gross negligence, and "malfeasance" against Martinez and the Doe Defendants. ECF No. 6 at 11–12. Although a federal court may exercise supplemental jurisdiction over state law claims, it may decline to do so over state law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1998) ("[I]n the usual case in which all federal-law claims are eliminated before

trial, the balance of factors to be considered under the pendant jurisdiction doctrine judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, because Plaintiff has not stated a cognizable claim for relief under § 1983, the Court declines to exercise jurisdiction over Plaintiff's purported state law claims.[5]

### D. No Leave to Amend

Plaintiff was previously provided a short and plain statement of his pleading deficiencies (ECF No. 3) and given an opportunity to amend those claims to no avail. The Court therefore finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)). As such the action is dismissed without leave to amend.

### IV. CONCLUSION AND ORDER

For the above reasons, the Court:

(1) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 7);

(2) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

(3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close

---

[5] The Court further notes that state tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983 may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008).

the file.

**IT IS SO ORDERED.**

Dated: March 21, 2025

Hon. Anthony J. Battaglia
United States District Judge